UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SYLVIA HAYNES, successor-in-interest to Donald Ray Haynes, ANNTIONETT HAYNES, THE ESTATE OF DONALD RAY HAYNES,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT JOHNSON, individually and in his official capacity as a police officer for the City of Stockton Police Department; WILLIAM KAMBIC, individually and in his official capacity as a police officer for the City of Stockton Police Department; DANA MOSHER, individually; RYAN MORRIS, individually and in his official capacity as a police officer for the City of Stockton Police Department; and DOES 1-25, inclusive, individually, jointly, and severally,<br><br>Defendants. | NO. CIV. 2:15-00565 WBS CKD |

----oo0oo----

1

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for July 20, 2015, and makes the following findings and orders without needing to consult with the parties any further.

I.    SERVICE OF PROCESS

All named defendants have been served except for William Kambic.  Plaintiff states that service was refused by the Stockton Police Department for William Kambic, and that plaintiff will continue to locate him for service.  Plaintiff shall serve defendant Kambic no later than August 30, 2015.

II.   JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

III.  JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331 because the action arises under 42 U.S.C. § 1983.  Venue is undisputed and is hereby found to be proper.

IV.   DISCOVERY

Parties shall serve initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by no later than August 21, 2015.

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than March 25, 2016.  With regard to expert testimony

1   intended solely for rebuttal, those experts shall be disclosed
2   and reports produced in accordance with Federal Rule of Civil
3   Procedure 26(a)(2) on or before April 22, 2016.
4       All discovery, including depositions for preservation
5   of testimony, is left open, save and except that it shall be so
6   conducted as to be completed by May 6, 2016.  The word
7   "completed" means that all discovery shall have been conducted so
8   that all depositions have been taken and any disputes relevant to
9   discovery shall have been resolved by appropriate order if
10  necessary and, where discovery has been ordered, the order has
11  been obeyed.  All motions to compel discovery must be noticed on
12  the magistrate judge's calendar in accordance with the local
13  rules of this court and so that such motions may be heard (and
14  any resulting orders obeyed) not later than May 6, 2016.
15      The parties stipulated to certain limitations on
16  discovery different than those imposed by the federal rules.  In
17  accordance with that stipulation, the parties are permitted up to
18  fifteen depositions for each side.  Requests for production and
19  inspection shall be limited to twenty-five per party.  Requests
20  for admission shall also be limited to twenty-five per party.
21          V.   MOTION HEARING SCHEDULE
22      All motions, except motions for continuances, temporary
23  restraining orders, or other emergency applications, shall be
24  filed on or before June 24, 2016.  All motions shall be noticed
25  for the next available hearing date.  Counsel are cautioned to
26  refer to the local rules regarding the requirements for noticing
27  and opposing such motions on the court's regularly scheduled law
28  and motion calendar.

3

## VI. FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for September 12, 2016, at 2:00 p.m. in Courtroom No. 5. The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel shall file separate pretrial statements, and are referred to Local Rules 281 and 282 relating to the contents of and time for filing those statements. In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto. If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

## VII. TRIAL SETTING

Plaintiffs have requested a trial by jury. The jury trial is set for November 8, 2016, at 9:00 a.m. The parties estimate that the trial will last seven to ten days.

## VIII. SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the Pretrial Conference. All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge. If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

## IX. MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

Dated: July 15, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE